UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| M.F.B. FINANCIAL, PERSONAL REPRESENTATIVE OF THE ESTATE OF BENJAMIN B. GRAMLIN, Deceased, Plaintiff. | ) ) ) ) |
| v. | ) CAUSE NO. 1:08-CV-823 WTL-TAB ) |
| CSX TRANSPORTATION; AND NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK Defendants. | ) ) ) ) ) |

## AMENDED PLAINTIFF'S INITIAL DISCLOSURES

Comes now Plaintiff, by counsel, and pursuant to Trial Rule 26(A)1 regarding initial disclosures alleges and says:

## INDIVIDUALS

1. All individuals listed by Defendants subject of information same as listed by Defendants in their Initial Disclosures.

2. Rosette M. Gramlin, 7424 East 100 46th Street, Noblesville, IN 46062 subject of information, verification of decedent's employment, family history, and care, love and support of the family and damages.

3. Jessica L. Gramlin, 7424 East 100 46th Street, Noblesville, IN 46062 subject of information, verification of decedent's employment, family history, and care, love and support of the family.

4. Daniel Bradley, Jr., 7424 East 100 46th Street, Noblesville, IN 46062 subject of information, verification of decedent's employment, family history, and care, love and support of the family.

5. Unnamed co-workers at decedent's employments over the past two years subject of information, care, love and support of the family.

6. Stuart Nightenhelser, Wolf Technical Services, Inc., 6836 Hawthorn Park Drive, Indianapolis, IN 46220-3909, (317) 842-6075, subject of information incident investigation.

7. Any witnesses that maybe be discovered during the Discovery process pursuant to the Case Management Order.

That pursuant to FED. R. CIV. P. 26(a)(1)(A) said disclosures are based on information available to Plaintiff at this time subject to further investigation and discovery which is continuing

## II. DOCUMENTS

That pursuant to FED. R. CIV. P. 26(a)(1)(B) Plaintiff provides a description of the following documents in their possession:

1. All documents listed by Defendants in their Initial Disclosures.

2. All documents produced by Defendants in their Response to any Discovery.

3. Event, Data, or Recorder information from Defendants for 50 miles preceding the crash to be produced by Defendants.

4. Any and all documentation obtained pursuant to Discovery and the Case Management Order.

That pursuant to FED. R. CIV. P. 26(a)(1)(B) said disclosures are based on information available to Plaintiff at this time subject to further investigation and discovery which is continuing

### III. DAMAGES

That pursuant to FED. R. CIV. P. 26(a)(1)(C) Plaintiff provides a computation of the damages claimed by the Plaintiff as follows:

1. Loss of love, care, affection, parental training and guidance claimed by widow and three minor children; $3,500.000.00.

2. Loss of support and care by the decedent; $1,000,000.00.

That pursuant to FED. R. CIV. P. 26(a)(1)(C) said disclosures are based on information available to Plaintiff at this time subject to further investigation and discovery which is continuing

Respectfully Submitted,

CAPPER TULLEY & REIMONDO


__s<John S. Capper, IV>_____
John S. Capper, IV

### CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of January, 2009, a copy of the above and foregoing pleading has been served on the following by facsimile and by depositing the same in the United States mail.

David A. Locke
Stuart & Branigin LLP
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, IN 47902-1010

_____
John S. Capper, IV
CAPPER TULLEY & REIMONDO
131 N. Green Street
P.O. Box 429
Crawfordsville, IN 47933

Ben Gramlin.Plaintiff's Initial Disclosures